**Svetlana KISIYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71555.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 14, 2007.

Filed June 5, 2007.

Inna Lipkin, Esq., Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, FISHER and CLIFTON, Circuit Judges.

MEMORANDUM *

We reverse the denial of asylum, withholding of removal and protection under the Convention Against Torture (CAT) to Svetlana Kisiyan. Both grounds the immigration judge (IJ) articulated to support her adverse credibility determination were based on speculation and conjecture. *See*

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Jibril v. Gonzales,* 423 F.3d 1129, 1135 (9th Cir.2005); *Lopez–Umanzor v. Gonzales,* 405 F.3d 1049, 1054 n. 4 (9th Cir.2005). We therefore reverse the IJ's adverse credibility determination.

The IJ and BIA both erroneously stated that there was *no* evidence connecting the sexual assaults on Kisiyan by a captain in Armenia's National Security Service with Kisiyan's husband's ethnicity or religion. Kisiyan's testimony supports the conclusion that she was sexually assaulted both because her attacker "thought she was attractive" *and* because of her husband's religion and ethnicity, which suffices as "evidence from which it is reasonable to believe that the harm was motivated, at least *in part*, by an actual or implied protected ground." *Shoafera v. INS,* 228 F.3d 1070, 1074–75 (9th Cir.2000) (quoting *Borja v. INS,* 175 F.3d 732, 736 (9th Cir. 1999) (en banc)) (emphasis in original). Because the IJ's incorrect characterization of the evidence precluded consideration of Kisiyan's asylum and withholding of removal claims under a mixed motive analysis in the first instance, we remand for further proceedings. *See Azanor v. Ashcroft,* 364 F.3d 1013, 1021 (9th Cir.2004) ("[W]e must decide whether to grant or deny the petition for review based on the Board's reasoning rather than our independent analysis of the record.").

Finally, the IJ's decision leaves it unclear whether she would have denied Kisiyan's CAT claim even if she had found Kisiyan credible and whether she improperly required Kisiyan to show persecution on a protected ground in the CAT context. *See Kamalthas v. INS,* 251 F.3d 1279, 1282–83 (9th Cir.2001); *Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003). We therefore also remand for further consideration of Kisiyan's CAT claims.

**REVERSED and REMANDED.**

CLIFTON, Circuit Judge, dissenting:

I agree with the majority that the adverse credibility determination cannot be sustained, but I disagree with the majority's rejection of the agency's denial of relief on alternative grounds. I would deny the petition.

The IJ denied asylum and withholding of removal, alternatively, because of Kisiyan's failure to establish that she had a well-founded fear of future persecution based on one of the five enumerated grounds. *See* 8 U.S.C. § 1101(a)(42). The BIA underscored that alternative conclusion, stating that even if Kisiyan were found credible, there was an "insufficient nexus" between Kisiyan's evidence and one of the five protected grounds. The majority does not conclude that the evidence compelled a contrary conclusion, and properly so, because it did not. *See Monjaraz–Munoz v. INS,* 327 F.3d 892, 895 (9th Cir.2003) ("We . . . must uphold the BIA's [factual] finding unless the evidence compels a contrary result."). Neither logic nor our caselaw require the agency to expressly state that it considered and rejected a "mixed motive" theory, and the evidence presented here was not so strong as to demand such treatment. Notably, the evidence in this case falls well short of that offered by the petitioner in *Shoafera v. INS,* 228 F.3d 1070 (9th Cir.2000), the precedent relied upon by the majority. When asked why she was persecuted, Shoafera replied point-blank: "cause I'm an Amhara. If I was a Tigrean he wouldn't do it." *Id.* at 1074 (internal alteration omitted). In addition, Shoafera's sister corroborated Shoafera's testimony that she was persecuted because of her ethnicity. *Id.* at 1075. In this case, by contrast, Kisiyan proffered no such testimony or evidence. It is possible that a finder of fact could conclude that the ethnicity or religion of Kisiyan's husband may have

influenced the captain's decision to attack Kisiyan, but a mere possibility does not compel or justify this court's rejection of the agency's factual adjudication.

As for the claim for CAT relief, the BIA expressly rejected that claim with a reference to the appropriate standard for such relief and without any reference to a protected ground requirement. Specifically, the BIA stated that Kisiyan "failed to establish that it is more likely than not that she would be tortured if she returns to Armenia." A similar conclusion can be inferred from the IJ's oral decision, which stated the standard for CAT relief without any reference to an enumerated ground requirement and which plainly reflected the IJ's doubt that Kisiyan faced a substantial current risk of torture if she returned to Armenia.

I respectfully dissent.